JS 44 (Rev. 3/99) EDPA

# CIVIL COVER SHEET

12 CV-955 APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## 1. (a) PLAINTIFFS

RICHARD BROOKS

(b) County of Residence of First Listed Plaintiff **NEW CASTLE COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
SIDNEY L. GOLD, ESQUIRE #21374
LAW OFFICES OF SIDNEY L. GOLD & ASSOC. P.C.
1835 MARKET ST., STE 515,
PHILA., PA 19103 TELEPHONE (215) 569-1999

## DEFENDANTS

HOWARD HUGHES MEDICAL INSTITUTE, INC.

County of Residence of First Listed **PHILADELPHIA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED,

Attorneys (If Known)

## 11. BASIS OF JURISDICTION (Place an "x" in One Box Only)

☐ I U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## 111. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "x" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 1 10 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 61 0 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | | ☐ 4 10 Antitrust |
| ☐ 130 Miller Act | ☐ 3 15 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 H1A (13 95ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 7 1 0 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 1 90 Other Contract | Product Liability | ☐ 395 Property Damage | Act | ☐ 863 DIW C/DIW W (405 (g)) | ☐ 892 Economic Stabilization Act |
| ☐ 1 95 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/M gmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RS 1 (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 51 0 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc, | ☐ 871 IRS -Third P arty | ☐ 950 Constitutionally of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 53 5 Death Penalty | SecurityAct | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 (specify) Transferred from another district
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

ADA AND PHRA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R. CP. 23

DEMAND$ $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) instructions):
IF ANY        (See
               NONE

JUDGE

DOCKET NUMBER

DATE
February 23, 2012

SIGNATURE OF ATTORNEY OF RECORD
X /S/ SIDNEY L. GOLD, ESQUIRE

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

FEB 2 3 2012

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2709 E. RIDING DRIVE, WILMINGTON, DELAWARE 19808

**12    0955**

Address of Defendant: 415 CURIE BOULEVARD, 405 CRB, PHILADELPHIA, PENNSYLVANIA 19104

Place of Accident, Incident or Transaction: 415 CURIE BOULEVARD, 405 CRB, PHILADELPHIA, PENNSYLVANIA 19104

*(Use Reverse Side For Additional Space)*

Does this case involve mutidistrict litigation possibilities?                                         Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suitor any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☒

CIVIL: (Place **X** in ONE CATEGORY ONLY)

A. *Federal Question* Case&

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity *Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

**SIDNEY L. GOLD, ESQUIRE** _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **February 23, 2012** _____   /s/ SIDNEY L. GOLD, ESQUIRE          **SLG-21374**
                                                Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: **February 23, 2012** _____   /s/ SIDNEY L. GOLD, ESQUIRE          **SLG-21374**
                                                Attorney-at-Law                    Attorney I.D.#

CIV. 609 (9/99)

FEB 2 3 2012



# IN THE- UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

**RICHARD G. BROOKS, PLAINTIFF**

CIVIL ACTION

v.

**HOWARD HUGHES MEDICAL INSTITUE, INC.,**
**DEFENDANT**

NO. **12   0955**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255.                                    ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.                                    ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                    ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                    ( )

(e) **Standard Management -- Cases that do not fall into any one of the other tracks.**                                    (X)

February 23, 2012
_____
Date

_____   /S/SIDNEY L. GOLD, ESQUIRE
                            Attorney-at-law

-   /S/SIDNEY L. GOLD, ESQUIRE
_____
                            **Attorney for Plaintiff**

FEB 2 3 2012

Wiy. 660) 7195



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD G. BROOKS, JR., | : | **CIVIL ACTION NO.:** |
| | : | |
| *Plaintiff,* | : | |
| | : | **12   0955** |
| v. | : | |
| | : | |
| HOWARD HUGHES MEDICAL | : | |
| INSTITUTE, INC., | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

## COMPLAINT AND JURY DEMAND

*FILED*
*FEB 23 2012*
*MICHAEL E. KUNZ, Clerk*
*By_____ Dep. Clerk*

### I.   PRELIMINARY STATEMENT

1.      This is an action for an award of damages, declaratory and injunctive relief,

attorneys' fees and other relief on behalf of Plaintiff, Richard G. Brooks, Jr. ("Plaintiff

Brooks"), a former employee of Defendant, Howard Hughes Medical Institute, Inc.

("Defendant"), who has been harmed by the Defendant's discriminatory actions,

ultimately resulting in the termination of his employment.

2.      This action is brought under the Americans with Disabilities Act ("ADA"),

42 U.S.C. §12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S.

§951 et seq.



## II.   JURISDICTION AND VENUE

3.      The original jurisdiction of this Court is invoked pursuant to 28 U.S.C.

§1331 and the claims are substantively based on the ADA. The supplemental jurisdiction

of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Brooks' claims

arising under the PHRA.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as

a substantial part of the events or omissions giving rise to Plaintiff Brooks' claims

occurred in this judicial district.

5.      All conditions precedent to the institution of this suit have been fulfilled.

On November 28, 2011, a Notice of Right to Sue was issued by the United States Equal

Employment Opportunity Commission ("EEOC"), and this action has been filed within

ninety (90) days of receipt of said notice.

6.      Plaintiff Brooks has satisfied all other jurisdictional prerequisites to the

maintenance of this action.

## III.   PARTIES

7.      Plaintiff, Richard G. Brooks, Jr. ("Plaintiff Brooks") is a forty-seven (47)

year old citizen of the State of Delaware, residing therein at 2709 E. Riding Drive,

Wilmington, Delaware 19808.

8.      Defendant, Howard Hughes Medical Institute, Inc., is a non-profit

corporation duly organized and existing under the State of Delaware, maintaining a place

of business located at 415 Curie Boulevard, 405 CRB, Philadelphia, Pennsylvania 19104.

2

15.     Shortly thereafter, Plaintiff Brooks informed the Defendant of his disability.  At all times thereafter, the Defendant perceived Plaintiff Brooks as being disabled.

16.     From in or about May of 2009 until in or about December of 2009, Plaintiff Brooks took a medical leave of absence from work and utilized Short Term Disability ("STD") in order to undergo intensive chemotherapy treatments in connection with his disability.

17.     At or around the end of December of 2009, Plaintiff Brooks was scheduled to have the remaining one half (½) of his thyroid removed.  Said procedure was scheduled for in or about January of 2010.

18.     In connection therewith, Laurie Cassell ("Cassell"), Manager of Administrative Services, insisted that Plaintiff Brooks go on Long Term Disability ("LTD").

19.     In or about February of 2010, Plaintiff Brooks' Oncologist cleared him to return to work on a part-time basis.

20.     In or about February of 2010, Plaintiff Brooks returned to work on a part-time basis, working three (3) days per week for four (4) hours per day.  The remaining hours of the full-time work week, Complainant was compensated by way of LTD benefits.

21.     In or about March of 2010, Complainant's Oncologist cleared him to return to work for three (3) days per week for six (6) hours per day.

4

22.     In or about March of 2010, Complainant returned to work on the aforesaid terms and continued to be compensated for the remaining hours of the full-time work week by way of LTD benefits.

23.     In or about April of 2010, Complainant's Oncologist cleared him to return to work on a full-time basis.

24.     In connection therewith, on or about April 5, 2010 Plaintiff Brooks returned to work full-time.  On said date, Plaintiff Brooks requested to leave work one (1) hour early for a doctor's appointment in connection with his disability.

25.     In response to Plaintiff Brooks' request for reasonable accommodation, Cassell stated, "I can't believe you have a doctor's appointment your first day back!"

26.     At or about the beginning of June of 2010, Plaintiff Brooks suffered thirteen (13) rib fractures as a result of his bones being brittle due to chemotherapy treatment for his disability.  Said fractures required him to take a four (4) day medical leave of absence from work in June of 2010.  Said medical leave of absence constituted a reasonable accommodation for his disability.

27.     At all times relevant hereto, Plaintiff Brooks was able to perform the essential functions of his job with or without reasonable accommodation.

28.     In support thereof, in or about June of 2010 Plaintiff Brooks attended a Tri-Regional Conference for the Defendant in Chicago, Illinois.

29.     On or about June 24, 2010, Plaintiff Brooks was scheduled to undergo hernia surgery due to a complication from his disability.

5

30.     In connection therewith, Plaintiff Brooks utilized a brief medical leave of absence in order to undergo the aforesaid surgery.  Said medical leave of absence constituted a reasonable accommodation.

31.     On or about July 6, 2010, Plaintiff Brooks returned to work.

32.     On or about July 7, 2010, Plaintiff Brooks overheard Casell complaining about his various disability-related accommodations to Mary O'Donnell ("O'Donnell"), Human Resources Representative.

33.     Immediately thereafter, Plaintiff Brooks attempted to contact one of the Defendant's Human Resources Representatives in order to report Casell's aforesaid discriminatory comments.  Casell saw Plaintiff Brooks on the phone and ordered him to "get off the phone."

34.     On or about July 20, 2010, the Defendant abruptly terminated Plaintiff Brooks' employment, allegedly for "ongoing performance issues."

35.     Curiously, Plaintiff Brooks had not been put on a performance improvement plan prior to the termination of his employment per Respondent's policy, nor did he receive any negative feedback regarding his job performance until the date of his unlawful termination.

36.     Plaintiff Brooks believes and avers that the Defendant's articulated reason for the termination of his employment was and is pure pretext, and that the Defendant actually terminated his employment based solely on his actual and/or perceived disability and/or record of impairment (Colon Cancer) and in retaliation for having requested reasonable accommodation in connection therewith.

## COUNT I
### (ADA - Actual and/or Perceived Disability and/or Record of Impairment, and Retaliation)
### Plaintiff Brooks vs. the Defendant

37.     Plaintiff Brooks incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

38.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Brooks to discrimination on the basis of his actual and/or perceived disability and/or record of impairment (Colon Cancer), and retaliating against him for requesting reasonable accommodation, constituted a violation of the ADA.

39.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Brooks sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Brooks suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA -Actual and/or Perceived Disability and/or Record of Impairment, and Retaliation)
### Plaintiff Brooks vs. the Defendant

41.     Plaintiff Brooks incorporates by reference paragraphs 1 through 40 of this

7

Complaint as though fully set forth at length herein.

42.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Brooks to discrimination on the basis of his actual and/or perceived disability and/or record of impairment (Colon Cancer), and retaliating against him for requesting reasonable accommodation, constituted a violation of the PHRA.

43.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Brooks sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

44.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Brooks suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

45.    Plaintiff Brooks incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Brooks requests that this Court enter judgment in his favor and against the Defendant, and Order that:

a.    Defendant compensate Plaintiff Brooks for the wages and other benefits

8

and emoluments of employment lost, because of its unlawful conduct;

   b.      Defendant compensate Plaintiff Brooks with an award of front pay, if appropriate;

   c.      Defendant pay to Plaintiff Brooks punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

   d.      Defendant pay to Plaintiff Brooks, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

   e.      The Court award such other relief as is deemed just and proper.

### JURY DEMAND

   Plaintiff Brooks demands a trial by jury.


                              SIDNEY L. GOLD & ASSOC. P.C.


                         By:  _/s/_____
                              /s/Sidney L. Gold, Esquire   SG 1387
                              SIDNEY L. GOLD, ESQUIRE
                              I.D. No.: 21374
                              1835 Market Street - Suite 515
                              Philadelphia, PA 19103
                              (215) 569-1999
                              Attorneys for Plaintiff


DATED:     February 23, 2012


                                   9

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE: 2-12-12

RICHARD G. BROOKS, JR.